# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 09-123 (ADM/SRN) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Shepard Jackson, | |
| Defendant. | |

Thomas M. Hollenhorst, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America.

Eric J. Olson, Appelman & Olson, P.A., 3800 American Blvd. West, 180 Northland Plaza, Bloomington, Minnesota 55431, for Defendant.

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned case comes before the undersigned United States Magistrate Judge on Defendant's Motion to Suppress Evidence Obtained by Illegal Search and Seizure [Doc. No. 12]. This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.[1]

**I.      BACKGROUND**

An Indictment was filed on May 11, 2009, charging Defendant Shepard Jackson with distribution of cocaine base and possession with intent to distribute cocaine base [Doc. No. 9]. This Court held a pretrial motions hearing on June 19, 2009. No witnesses testified at the hearing. The Court received into evidence Government Exhibit 1, a search warrant, application,

---

[1] The Court will address Defendant's non-dispositive motions in a separate Order.

affidavit, receipt, inventory, and return for the premises 2659 Stillwater Road, Maplewood, Minnesota.

## II. FACTS

The following facts are taken from Government Exhibit 1, the affidavit and application in support of the search warrant. As part of a controlled buy, on April 15, 2009, a confidential informant bought approximately 63 grams of crack from the defendant for $2,000 in recorded bills. Jackson arrived at the pre-determined location for the transaction in a small green Geo Prism. When officers tried to arrest the defendant, he fled, which resulted in a high speed vehicle chase for approximately two miles. Eventually the vehicle was stopped and Jackson was arrested.

Fifteen minutes prior to the arrest and drug transaction, St. Paul Police Officer Hale was conducting surveillance on Defendant's residence. Officer Hale saw a small green car, possibly an import model, leave "the area of the target house. He could not see the driveway clearly enough to say definitively that the car came from the driveway of the target house." Defendant arrived at the controlled buy and was then arrested in a 1997 green Geo Prism, a car generally matching the description of the one observed by Officer Hale leaving the "area" of Defendant's residence. After the arrest, St. Paul Police Sergeant Timothy McCarty researched the ownership history of the vehicle. He determined that Defendant purchased the vehicle at a St. Paul Police impound lot auction on April 2, 2009. When Defendant purchased the vehicle, he reported his address as 2659 Stillwater Road, Maplewood, Minnesota.

Later that day, Sergeant McCarty applied for a warrant based on the above-referenced information, to be executed at Defendant's residence at 2659 Stillwater Road, Maplewood, Minnesota. Sergeant McCarty stated in his affidavit in support of the warrant, "Based on [sic]

original drug deal, the subsequent chase and sighting of a vehicle similar to the one Mr. Jackson was arrested in leaving the area of his residence approximately 15 minutes before the deal, I believe there are additional amounts of controlled substances inside his residence." A warrant was issued authorizing officers to search for: cocaine; letters, bills or mail that tended to show the owner or renter of the premises; money, bank statements or other papers tending to show profit from the sale of drugs; scales and other paraphernalia used in the manufacture, sale or use of drugs; photographs showing the use of drugs or drug paraphernalia; any other drugs covered under controlled substance laws; and guns or any other weapons. Later that day, officers executed the warrant and the subsequent search of Defendant's residence uncovered approximately $2,500 in cash, marijuana, and a handgun.

## III. DISCUSSION

### A. Probable Cause

Defendant asserts in his motion that the "warrant fails to state a nexus between the contraband to be searched for and Defendant's residence." Specifically, Defendant asserts that in the warrant application and affidavit Sergeant McCarty was unable to identify the make of the car, or to definitively say the car came from the driveway of Defendant's residence. Additionally, Officer Hale was unable to follow the car from Defendant's residence to determine if Defendant was driving the vehicle or if the vehicle proceeded to the site of the controlled buy. Finally, the affidavit does not make any allegation that in the officer's training and experience, persons engaged in drug activity often have evidence of such activity at their residence.

When there is no evidentiary hearing before a magistrate judge, the probable cause determination is made only on information which is found within the four corners of the affidavit supporting the warrant. United States v. Hudspeth, 525 F.3d 667, 674 (8th Cir. 2008); United

3

States v. Olvey, 437 F.3d 804, 807 (8th Cir. 2006). "If an affidavit in support of a search warrant sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place, probable cause to issue the warrant has been established." Hudspeth, 525 F.3d at 674 (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." Wyoming v. Houghton, 526 U.S. 295, 302, 119 S. Ct. 1297, 1301 (1999) (quoting Zurcher v. Stanford Daily, 436 U.S. 547, 556 (1978)). There must also be a nexus between the items to be seized and criminal behavior. Warden v. Hayden, 387 U.S. 294, 306-07 (1967).

A court "may properly rely on normal inferences drawn by the surrounding circumstances and the allegations of facts contained in the affidavit." United States v. Carlson, 697 F.2d 231, 238 (8th Cir. 1983); see also United States v. Thompson, 210 F.3d 855, 860 (8th Cir. 2000). Likewise, law enforcement officers may make reasonable inferences in preparing affidavits in support of a warrant. United States v. Thompson, 210 F.3d 855, 860 (8th Cir. 2000). An officer's "averment based upon his experience that drug traffickers often keep in their residences records of their illicit activity, large amounts of cash, assets purchased with the proceeds of drug transactions, and guns to protect their drugs and cash, [can provide a] judge with a substantial basis for finding probable cause to search [the defendant's] residence." United States v. Luloff, 15 F.3d 763, 768 (8th Cir. 1994), cited in United States v. Walker, 324 F.3d 1032, 1038 (8th Cir. 2003).

Whether Sergeant McCarty's affidavit provides sufficient probable cause to believe that evidence of criminal activity would be found in Defendant's home is a close question. Notably,

4

Sergeant McCarty does not state in his affidavit that based on his experience in narcotics investigations, he is aware that drug traffickers often keep evidence of drug trafficking activities in their homes. C.f. United States v. Becerra, No. 07-378, 2008 WL 189955, *8 (D. Minn. Jan. 22, 2008) (finding probable cause to support warrant in affidavit to search drug trafficker's home, where officer stated his experience in narcotics investigations, even though officer did not aver that in his experience drug traffickers keep fruits and instrumentalities of their crimes at their residence). Additionally, Officer Hale was only able to state that the car he saw left the "area" of Defendant's residence, not his actually driveway, he was only able to identify the color of the car, but not the make or model, and he was not able to follow the car to the controlled buy. However, once the controlled buy was complete and Defendant was arrested, Sergeant McCarty sought and obtained independent verification, through research of the car's ownership that Defendant's residence was indeed at 2659 Stillwater Road in Maplewood. Defendant's car also generally matched the description provided by Officer Hale of the car leaving the area of Defendant's residence. While it is a close issue, this Court concludes that the totality of the information provided in the McCarty Affidavit provided sufficient probable cause for issuance of the search warrant. Accordingly, Defendant's motion to suppress should be denied.

### B. The Good Faith Exception

Even if the search warrant in this case was not supported by probable cause, the Leon good faith exception to the exclusionary rule applies because the officers who executed the warrant relied in good faith on the existence of a valid warrant.

Under the good-faith exception to the exclusionary rule, "evidence seized pursuant to a search warrant . . . that is later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable." United States v. Proell, 485

5

F.3d 427, 430 (8th Cir. 2007); United States v. Ross, 487 F.3d 1120, 1122 (8th Cir. 2007) (both citing United States v. Leon, 468 U.S. 897, 923 (1984)). The Leon good-faith exception is lost, however, when an officer relies on a warrant for which the supporting affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923; Ross, 487 F.3d at 1122.

When an affidavit fails to establish a nexus between a residence and contraband, it still would not be "entirely unreasonable" for the executing officer "to believe that such an inference was permissible." United States v. Carpenter, 341 F.3d 666, 671 (8th Cir. 2003); see also Proell, 485 F.3d at 432. Courts must apply the good faith exception "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." Leon, 468 U.S. at 920. Ordinarily, "an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient. . . . Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." Id. at 921. Here, if there was any error in the issuance of the warrant, the executing officers should not be penalized because it was not entirely unreasonable for them to rely on the issuing judge's "willingness to infer the requisite nexus." Carpenter, 341 F.3d at 672 n. 3.

Under circumstances similar to the instant case, the Eighth Circuit applied Leon and upheld the constitutionality of a search of the residence of an accused drug trafficker. Ross, 487 F.3d at 1123-1124. The court stated:

> Although we have not adopted a per se rule to the effect that probable cause to arrest a drug trafficker establishes an inference that records, paraphernalia, and other evidence of drug trafficking exists at the trafficker's residence, we have found probable cause to exist in cases in which officers have stated that in their experience such an inference is appropriate and in which a

6

> supporting affidavit also described a defendant's continuous course of drug trafficking activity . . . even if [the affidavit] was lacking sufficient detail to establish a nexus for probable cause purposes, the affidavit did connect the drug transaction to [the defendant's] home by way of his [vehicle]. An officer could reasonably believe that the connection was sufficient to justify a search for drug trafficking evidence in the residence.

Id.; see also United States v. Pruett, 501 F.3d 976, 982 (8th Cir. 2007) (overruled on other grounds).

The executing officers' reliance on the warrant was objectively reasonable given the inference that an individual engaged in drug trafficking is likely to retain evidence or proceeds of such activity in his residence. The affidavit and warrant were not "so lacking in indicia of probable cause" as to make it "entirely unreasonable" for officers to rely on the warrant. Considering the totality of the circumstances, we conclude that it was objectively reasonable for the officers to rely on the validity of the search warrant and the motion to suppress should be denied.

## IV.  RECOMMENDATION

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence Obtained by Illegal Search and Seizure [Doc. No. 12] be **DENIED**.

Dated: July 7, 2009                                             s/ Susan Richard Nelson
                                                                SUSAN RICHARD NELSON
                                                                United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **July 22, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.